IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOWARD E. LEVENTHAL,           )
                                )
        Plaintiff,              )
                                )
    v.                          )   03 C 8772
                                )
GENE BYRON SCHENBERG,           )   Judge Ronald A. Guzmán
                                )
        Defendant.              )
                                )

## MEMORANDUM OPINION AND ORDER

This *pro se* action alleging copyright infringement is before the Court on Defendant's motion to dismiss the complaint. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND[1]

The following facts from the Complaint are assumed to be true for the purposes of this motion. *Shell Oil Co. v. Aetna Cas. & Sur. Co.*, 158 F.R.D. 395, 399 (N.D. Ill. 1994). Plaintiff Leventhal is the CEO and majority stockholder of Stealth Medialabs, Inc. ("Stealth"); its predecessor company, BitzMart Inc. ("BitzMart"); and Primecom Interactive, Inc. ("Primecom"),[2] whose relationship with Stealth and BitzMart is not

---

[1] Initially, Leventhal was a co-plaintiff along with Stealth Medialabs, Inc. ("Stealth"). Stealth was dismissed from the complaint without prejudice on February 4, 2004, because it was a corporation proceeding *pro se*, in violation of 28 U.S.C. § 1664. The Complaint also named as defendants 321 Studios, Inc. and numerous individuals. All defendants other than Schenberg were voluntarily dismissed on December 9, 2003. Thus, the only remaining parties are Leventhal and Schenberg.

[2] These three companies will be collectively referred to as the "Corporations."

alleged. (Compl. at 3).[3] From January 1999 through March 2002, Defendant Schenberg was employed by one or more of the Corporations[4] and, among other things, handled various responsibilities for the production of revenue. (*Id.* at 2, 4.)

While employed by the Corporations, Schenberg built and assembled a database of business names, contact names, addresses and preferences of customers, and prospective customers. (*Id.* at 2.) The Corporations financed the building of the database for their own exclusive benefit and relied upon the database as a principal tool for the generation of revenue. (*Id.* at 4.) Schenberg had custody of the database solely in his capacity as an employee of the Corporations. (*Id.*)

Schenberg resigned from BitzMart in March 2002. (*Id.*) Schenberg was then hired by another company, 321 Studios, Inc. (*Id.* at 5.) Before he resigned from BitzMart, Schenberg copied the database from BitzMart's files. (*Id.*) Leventhal alleges Schenberg conspired with the principals of 321 Studios to steal the database and convert it for the use of their corporation. (*Id.* at 7.)

---

[3] The citations are to the pages in the Complaint, which is in narrative form.

[4] The Complaint appears to allege that Schenberg worked for each of the Corporations at one time or another, but that is not altogether clear. It is expressly alleged that Schenberg once worked for Primecom, (Compl. at 4), and ultimately resigned from BitzMart, (*id.*). Because BitzMart is alleged to be Stealth's predecessor, it would therefore be logical to presume that Schenberg never worked for Stealth. However, the Complaint also alleges that Schenberg is a "former employee of Stealth MediaLabs, Inc.," (*id.* at 1), and that he was "employed by the Plaintiffs," (*id.* at 2), who were, at the time of filing, Leventhal and Stealth.
The Court additionally notes that Leventhal's use of the term "the Plaintiffs" is confusing throughout the Complaint, as the term is frequently used in contexts strongly suggesting that it is intended to refer to Primecom and/or BitzMart as well as, or instead of, Leventhal or Stealth.

2

Leventhal further alleges that the Corporations were destroyed because of Schenberg's actions, and Leventhal's personal income and the value of his stock holdings in the various corporations were thereby damaged. (*Id.* at 8.)

## DISCUSSION

Schenberg maintains that the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6), but the substance of Schenberg's arguments relate instead to dismissal for lack of subject matter jurisdiction. Therefore, the Court will treat the motion as if it were brought pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Where, as in this case, a motion to dismiss pursuant to Rule 12(b)(1) challenges the sufficiency of the allegations of subject matter jurisdiction, the district court must accept as true all well-pleaded allegations in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). A *pro se* complaint is generally held to less stringent standards than one drafted by a lawyer. *See Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (discussing motion to dismiss pursuant to Rule 12(b)(6)). However, a *pro se* plaintiff may plead himself out of court if he pleads facts that undermine his complaint. *Id.* at 846.

Defendant makes a facial attack on the sufficiency of the Complaint, pointing out that it fails to allege copyright ownership or evidence of registration. First, in any action for copyright infringement, the plaintiff must show: "(1) ownership in the applicable

3

copyright(s) and (2) unauthorized copying by the defendant of the constituent elements of the work that are original." *See In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 648 (N.D. Ill. 2002) (citing *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Although the Complaint alleges unauthorized copying of the database by Schenberg, it is entirely unclear which entity owns the copyright, if any, in the database. The Complaint variously refers to the database as belonging either to BitzMart, (*see* Compl. at 5), which is not a party, or to "the Plaintiffs," (*see id.* at 4, 7), a term that could refer to Leventhal or Stealth, which is no longer a party.

Second, Leventhal does not allege that he or any of the Corporations has acquired a registration of a copyright for the database, which is a prerequisite to bringing an action for copyright infringement. *See* 17 U.S.C. § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title . . . ."); *Pickett v. Prince*, 207 F.3d 402, 404 (7th Cir. 2000). Because Leventhal has failed to allege copyright registration, this Court is without subject matter jurisdiction, and the Complaint must be dismissed under Rule 12(b)(1).[5] *See Well-Made Toy Mfg. Corp v. Goffa Intern. Corp.*, 354 F.3d 112, 116 (2d Cir. 2003) (holding that district court was barred from considering copyright infringement claim where the copyright was not registered); *see also Markovitz v. Camiros, Ltd.*, No. 02 C 9403, 2003 WL 21517364, *3 (N.D. Ill. June 30, 2003) ("The failure to obtain copyright registration bars a plaintiff from bringing suit under the Copyright Act.").

---

[5] The Court therefore need not address Defendant's additional arguments that the Complaint should be dismissed pursuant to Rules 8(e), 10(b), and 17(a).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [doc. no. 11-1] is granted. This case is hereby terminated.

SO ORDERED                                    ENTERED: JUL 29 2004

                                             HON. RONALD A. GUZMAN
                                             United States Judge